**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo REYNA–BRECEDA,**
**Defendant–Appellant.**

**No. 02–41730**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 2003.

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Ricardo Reyna–Breceda appeals his sentence for illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He argues that the district court erred in imposing a 16–level increase in his offense level under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior robbery conviction. He argues that the Sentencing Commission intended that the 16–level increase should be applied only to those crimes of violence that are also aggravated felonies under 8 U.S.C. § 1101(a)(43). Under the language of U.S.S.G. § 2L1.2(b)(1)(A) and its commentary, a 16–level increase applies if the defendant has a prior conviction for a crime of violence, which expressly includes robbery. *See* U.S.S.G. § 2L1.2(b)(1)(A) and comment. (n.1(B)(ii)). Neither § 2L1.2(b)(1)(A) nor the comment refers to 8 U.S.C. § 1101(a)(43) or provides that a crime of violence must also be an aggravated felony under 8 U.S.C. § 1101(a)(43). Accordingly, the district court did not err in imposing the 16–level increase based on Reyna–Breceda's prior robbery conviction.

For the first time on appeal, Reyna–Breceda also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional in light of the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Reyna–Breceda's argument is foreclosed. The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.